IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-10-416-1 |
| | § | |
| CLIFFORD UBANI | § | (Civil Action No. H-13-1943) |

## **MEMORANDUM AND ORDER**

Defendant Clifford Ubani has filed a Motion to Vacate, Set Aside or Correct Sentence ("Motion") under 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc. # 1001]. In that Motion, Clifford Ubani argues that attorney Abraham Fisch rendered ineffective assistance by wrongly convincing Defendant not to accept a plea offer. The record reflects that Defendant was originally represented by retained attorney Gerald Fry. On August 2, 2010, Defendant filed a Motion for Substitution of Attorneys [Doc. # 85], seeking to substitute attorney Fisch in place of Fry. The Court denied the Motion orally on the record in open court, as reflected by Hearing Minutes and Order [Doc. # 86], dated August 2, 2010.

On September 14, 2010, Defendant filed a Motion to Substitute Counsel [Doc. # 109], seeking to substitute attorney James Alston in place of Fry. The Motion was granted by Order [Doc. # 120] entered September 16, 2010. The record reflects that

Alston represented Defendant from September 2010 through his rearraignment on January 20, 2011, and his sentencing on June 13, 2012. At no time has Abraham Fisch been counsel of record for Defendant Ubani in this case.

"[A] defendant's constitutional right to effective assistance of counsel does not extend to those cases where a non-appearing attorney: (1) gives a defendant legal advice even though he has not been retained by the defendant to help prepare his defense; or (2) is retained by the defendant but his . . . deficient performance is not reflected in the conduct of the defense at trial." *Stoia v. U.S.*, 22 F.3d 766, 769 (7th Cir. 1994); *see also U.S. v. Martini*, 31 F.3d 781, 782 (9th Cir. 1994) (holding that the Sixth Amendment "does not include the right to receive good advice from every lawyer a criminal defendant consults about his case"). In this case, Defendant's counsel of record, both Fry and Alston, rendered competent, effective legal assistance. Defendant's dissatisfaction with advice he received from Fisch, who was never counsel of record for Defendant in this case, does not state a claim of ineffective assistance of counsel for purposes of relief under § 2255.

Before Ubani can appeal this ruling, he must obtain a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997). A certificate of appealability will not issue unless the movant makes "a substantial showing of the denial of a constitutional

right," 28 U.S.C. § 2253(c)(2), which requires a movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of Ubani's constitutional claim debatable or wrong. Because the defendant does not otherwise allege facts showing that his claim could be resolved in a different manner, a certificate of appealability will not issue in this case.

Based on the foregoing, it is hereby

**ORDERED** that Clifford Ubani's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1001] is **DENIED** and the corresponding Civil Action is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that a certificate of appealability is **DENIED**. The Court will issue a separate final order.

SIGNED at Houston, Texas, this 3rd day of **July, 2013**.

Nancy F. Atlas
United States District Judge