IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-10-416-1 |
| | § | |
| CLIFFORD UBANI | § | (Civil Action No. H-13-1943) |

## **MEMORANDUM AND ORDER**

This criminal prosecution is before the Court on Defendant Clifford Ubani's "Motion for Reconsideration of His § 2255" ("Motion for Reconsideration") [Doc. # 1024. Ubani argues that he had a plea agreement with the United States to plead guilty to Count One only. Because Ubani's argument is refuted by the record, the Motion for Reconsideration is **denied**.

Defendant Clifford Ubani was charged with conspiracy to commit health care fraud, conspiracy to defraud the United States and to receive and pay health care kickbacks, and 16 substantive counts of payment and receipt of health care kickbacks. He entered a plea of guilty to all counts in the Superseding Indictment on January 20, 2011. The plea was entered without a plea agreement. *See* Rearraignment Minutes [Doc. # 212]; Rearraignment Transcript ("Trans.") [Doc. # 278], pp. 3-4; 62. As noted by counsel at the beginning of the rearraignment proceeding, there was a plea

agreement in the companion case[1], Criminal Case No. H-09-421, but Ubani entered a plea "straight up to the Indictment" in this case. *See* Trans., pp. 3-4. Consequently, Ubani's assertion that he had a plea agreement in this case that required him to plead guilty only to Count One, is clearly refuted by the record.[2] It is hereby

**ORDERED** that Defendant Clifford Ubani's Motion for Reconsideration [Doc. # 1024] is **DENIED**.

SIGNED at Houston, Texas, this 18th day of **December, 2013**.

_____
Nancy F. Atlas
United States District Judge

---

[1] The Plea Agreement in the companion case [Doc. # 229 in Criminal Case No. H-09-421] provided that the United States would dismiss the remaining counts in that companion case and not charge Defendant with "additional crimes arising from the transactions currently known to the United States." The United States did not agree in that Plea Agreement that Ubani could resolve this criminal prosecution, Criminal Case No. H-10-416, by pleading only to Count One.

[2] The Court notes that Ubani did not assert in his § 2255 Motion that he had a plea agreement that required him to plead only to Count One in this case. Indeed, at no time during the lengthy rearraignment proceeding did Ubani assert that his plea to all counts violated a plea agreement. Although Ubani sent numerous letters to the Court and filed various motions *pro se*, it was not until July 19, 2012, that he first asserted the existence of a plea agreement that required him to plead guilty only to Count One in this case. This was more than two weeks after the Court denied Ubani's § 2255 Motion.